UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

ELOY MENCHACA, JR.  )
Plaintiff             )
                     )
                     )
Vs                   )   Case No.: _____
                     )
ELISHA A. PAPE       )
Defendant            )

## ORIGINAL COMPLAINT

COMES NOW, ELOY MENCHACA, JR., Plaintiff, and files this Original Complaint, complaining of ELISHA A. PAPE, Defendant, and for cause of action, states the following:

## PARTIES

1. Plaintiff, Eloy Menchaca, Jr. is a resident of McAllen, Texas

2. Defendant ELISHA A. PAPE is an individual residing in the Eastern District of Missouri.. She may be served with process by serving her at her place of employment:

>Elisha A. Pape
>Missouri State Highway Patrol
>1510 East Elm
>Jefferson City, Missouri

## VENUE AND JURISDICTION

3. Venue is proper in this Court by virtue of 28 U.S. Code Section 1332 - Diversity of Citizenship. Although the action which is the basis of this case arose in the State of Missouri, the Plaintiff is a citizen of the State of Texas. The amount in controversy is over $75,000.00.

More specifically, the Plaintiff sues for One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00).

## FACTS

4. On or about May 26, 2015, at about 3:40 p.m., Mr. Menchaca was driving his 2004 Ford Explorer and had his girlfriend as a passenger. As Mr. Menchaca drove in St. Louis County on I-70 at ERM 230.4, his vehicle ran out of gasoline. Mr. Menchaca pulled to the right of the road as far as space would allow him, as the shoulders on that particular road are only 2 feet wide. Further, in addition to only having 2 feet wide shoulders, the road is bordered on the outside by a concrete wall.

5.. Mr. Menchaca pulled to the right, parked his car as far right as he could, and turned on his emergency flashers to alert other drivers. His vehicle and the flashers were clearly visible to Driver #1 - Ms. Elisha A. Pape, Defendant.

6. Ms. Pape, employed by the Missouri State Highway Patrol, was not paying attention to her driving, and crashed into our Plaintiff's parked vehicle, causing extreme injuries to Plaintiff

7. According to the Crash Reconstruction Report, Ms. Pape's attention was diverted for approximately 10 seconds, enough time for her to have safely avoided the disabled vehicle. Ms. Pape states in that report, "I was turned and looking to my left and I ran into them. They were stopped in the road and I didn't see them."

## PHYSICAL DAMAGES

8. The immediate force of the impact caused extreme injuries to Plaintiff, including but not limited to:

- Cervical Spine Injury
- Traumatically Induced Sprain/Strain of the Lumbar Spine
- Lumbar Spine Injury
- Lumbar Spine Facet Syndrome
- Traumatically Induced Sprain/Strain of the Lumbar Spine
- Thoracic Spine Injury
- Lower Extremities Injuries

9. Plaintiff has endured over two years of pain, treatments, and therapy. His recovery period has been long and agonizing. He has not been able to sleep without pain for the past two years. The pain medication he has taken has resulted in depression and insomnia.

### PLAINTIFF'S MENTAL INJURIES:

10. In the aftermath of Plaintiff's accident, he has had various episodes of anxiety and depression. On June 5, 2015, ten days after the accident, Mr. Menchaca had a massive episode which required emergency medical assistance. He was taken to Doctors Hospital Emergency in McAllen, Texas. He received anxiety medication and was diagnosed as having PTSD from the accident.

11. His parents claim Plaintiff to be suicidal, since the accident. He was never mentally unstable prior to the accident.

12. Plaintiff's parents state that since the injury, Plaintiff has become off-balanced and cannot be trusted alone because of his now suicidal tendencies. They state that he is now usually and progressively more confused and that for the past 2 years, their son "re-lives" the accident constantly. It is at those times that he goes into panic attacks and high anxiety. His suicidal tendencies become immediately evident, and he has to be secured to keep from harming himself. On June 5, 2015, he was rushed to the Emergency for such an episode. At that time, he was diagnosed as having Post Traumatic Stress Disorder (PTSD).

13. On June 6, 2015, Plaintiff had another psychiatric episode that required the ambulance to be called as he was declared a danger to himself and others. He was taken to Doctor's Hospital at Renaissance where he received treatment and medication. He was discharged days later with referrals to see a therapist for his mental issues.

14. In August 21, 2015, Plaintiff's counselor stated that this PTSD was "due to a serious auto accident he experienced in May of this year." His counselor further stated that the accident caused him to feel "depressed and anxious all the time" and that he had lost "interest in everyday activities." She further stated that Plaintiff had "recurring nightmares of the accident every night." She prescribed counseling weekly. Since the accident, Plaintiff has continued his counseling sessions. Although he seems better at times, as per his parents, it appears he will never be the same.

15. Plaintiff attempted to take on-line college courses after the accident, but flunked out. He cannot remain focused long enough to continue his education.

16. Plaintiff continues psychological treatments every 3 months at Tropical Texas Behavioral Health and Retardation Services by Dr. Trenton at 1901 S. 24th Street in Edinburg, Texas.

## CAUSES OF ACTION

### Negligence

17   Defendant was negligent in one or more of the following particulars:

    i. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    ii. In failing to timely apply the brakes of her vehicle in order to avoid the occurrence in question.

    iii. In failing to stop or take proper evasive action.

    iv. In failing to maintain her vehicle under proper control.

### Negligence - Proximate Causation

18.   Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's damages.

## DAMAGES

19. As a result of Defendant's actions, Plaintiff has suffered actual property damages, in an amount yet to be determined.

20. Plaintiff has suffered injuries and has incurred medical expenses, currently in the amount over $60,000.00.

21. Plaintiff has also suffered mental, emotional and consequential damages and now seeks compensation for all such damages.

## CONDITIONS PRECEDENT

22. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## JURY DEMAND

23. Pursuant to the Federal Rules of Civil Procedure, Rule 38, Plaintiff requests a jury trial of this matter. Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Complaint.

## RELIEF SOUGHT

24. Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried, after which Plaintiff recovers:

   i. Judgment against Defendant for the amount of $1,250,000.00, a sum within the jurisdictional limits of this Court for the damages indicated above;

   ii. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

   iii. Costs of suit, attorney's fees; and

   iv. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Dated this 14TH day of February 2020

/s/ Franklin Ogele
Franklin Ogele, Esq.
New Jersey Bar #002521990
New York Bar # 2364974
Pro Hac Admission for
United States District Court
Eastern District of Missouri – To be Filed
One Gateway Center, 26th Fl
Newark, New Jersey 07102
Phone: 973 277 4239
Fax: 862 772 3985
And as Counsel for Plaintiff